SCOTT FAWAZ, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 19177

November 27, 1989      783 P.2d 425

*Laura FitzSimmons,* Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On July 29, 1986, appellant was convicted, pursuant to a jury verdict, of four counts of robbery with use of a deadly weapon,

and one count each of burglary and grand larceny auto, all in connection with a bank robbery. Appellant was sentenced to serve a total of twenty years in the Nevada State Prison.

On November 10, 1986, while his appeal from his judgment of conviction was pending before this court, appellant filed in the district court a motion for a new trial based on the alleged discovery of new evidence. The district court denied appellant's motion for a new trial.

On December 31, 1987, this court dismissed appellant's direct appeal from his judgment of conviction. Further, this court dismissed appellant's appeal from the district court's denial of appellant's motion for a new trial for lack of jurisdiction, because appellant had not filed a separate notice of appeal from the district court's order. *See* Fawaz v. State, Docket No. 17608 (Order Dismissing Appeal, December 31, 1987).

On February 17, 1988, appellant filed a petition for post-conviction relief. The state opposed the petition. Following a hearing, the district court denied the petition on its merits. This appeal followed.

Appellant contends that the district court erred in denying his petition for post-conviction relief because his attorney in the new trial proceedings was ineffective. In light of the fact that appellant's attorney in the new trial proceedings failed to file a notice of appeal, it must be conceded that counsel was ineffective.[1]

Our conclusion that appellant's counsel was ineffective, however, does not lead us to conclude that the district court erred in denying appellant's petition for post-conviction relief. The district court denied the petition on its merits after a hearing. Although the district court issued a form order of denial, the district court orally stated that the new evidence was not the type that would warrant a new trial. No other reason for the denial was given. Thus, by reaching the merits of appellant's petition, the district court impliedly accepted appellant's claim that his attorney was ineffective in the new trial proceedings. Appellant was prejudiced by the ineffective conduct of his attorney because he lost his right to review by this court. Appellant's remedy, therefore, is a review of the merits of his claim that he was entitled to a new trial.

Two separate district judges have determined that the alibi evidence that was belatedly "discovered" by appellant was not sufficient to warrant a new trial. The granting of a new trial in a criminal case on the ground of newly discovered evidence is discretionary with the district court, and that court's determina-

[1]Counsel for appellant herein did not represent appellant in the district court proceedings.

tion will not be reversed on appeal unless an abuse of discretion is clearly shown. Lightford v. State, 91 Nev. 482, 538 P.2d 585 (1975). Further, in determining whether to grant a new trial based on the allegation of the discovery of new evidence, the trial court must consider whether, under all of the circumstances of the case, the new evidence will probably change the result of the trial. *See* State v. Crockett, 84 Nev. 516, 519, 444 P.2d 896, 898 (1968).

The district court's determination that the alleged new evidence was not the type of evidence that would warrant a new trial is amply supported by the record. Specifically, the evidence of appellant's guilt was substantial, and the likelihood that a new jury, armed with appellant's embellished alibi, would reach a different result is remote. Therefore, the district court did not abuse its discretion when it denied appellant's motion for a new trial. It follows that the district court did not err when it dismissed appellant's petition for post-conviction relief.

Accordingly, we affirm the decision of the district court.

YOUNG, C. J., STEFFEN, MOWBRAY, and ROSE, JJ., concur.

SPRINGER, J., dissenting:

My review of the record reveals that even the state agrees that if the alibi witness is telling the truth, Fawaz was at Mt. Charleston at the time the robbery took place. I see no reason to reject, out of hand, the sworn testimony of this citizen. I think that some judicial officer ought to hear the witness and made a judgment as to whether the testimony warrants re-examination of the facts in a new trial. It seems to me that we are ignoring the testimony of a witness who, if believed, would cast very serious doubts about Fawaz's guilt. We know nothing of the witness, and nothing suggests that he is dishonest or not telling the truth. I would remand the case to the district court to resolve these doubts.