JOSE MANUAL LOZADA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 24996

March 30, 1994                    871 P.2d 944

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

On January 7, 1987, the district court entered a judgment of conviction pursuant to a jury verdict against Jose Manual Lozada. A jury found Lozada guilty of four controlled substance violations. Lozada did not immediately appeal from the judgment of conviction.

Lozada subsequently filed a proper person petition for post-conviction relief in the district court. Lozada claimed his trial

counsel was ineffective for failing to inform Lozada of the right to appointed counsel on appeal and because counsel falsely informed Lozada that the public defender would perfect an appeal. The district court denied appellant relief without requiring the state to answer the petition.

This court dismissed Lozada's appeal from the district court's denial of post-conviction relief. Lozada v. State, Docket No. 19333 (Order Dismissing Appeal, October 21, 1989). We ruled that Lozada failed to establish that his attorney's conduct prejudiced him. Specifically, Lozada failed to set forth any meritorious issues which he could have raised in an appeal from his conviction.

After exhausting his state remedies, Lozada petitioned the federal district court for a writ of habeas corpus. The federal district court dismissed Lozada's petition for failing to establish prejudice as required under Strickland v. Washington, 466 U.S. 668 (1984). The district court subsequently denied Lozada a certificate of probable cause to appeal the denial of his petition. See 28 U.S.C. § 2253.

Lozada then petitioned the United States Court of Appeals for the Ninth Circuit for a certificate of probable cause. The Ninth Circuit denied the petition without comment. Lozada sought relief by petitioning the United States Supreme Court for a writ of certiorari. The Supreme Court granted Lozada's petition and remanded the matter to the Ninth Circuit. Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam). The court ruled:

> We conclude that the Court of Appeals erred in denying Lozada a certificate of probable cause because . . . Lozada made a substantial showing that he was denied the right to effective assistance of counsel. The District Court rested its analysis on the prejudice prong of the *Strickland* inquiry, and that was presumably the basis for the Court of Appeals' decision to deny a certificate of probable cause. We believe the issue of prejudice caused by the alleged denial of the right to appeal could be resolved in a different manner than the one followed by the District Court. Since *Strickland,* at least two courts of appeals have presumed prejudice in this situation. See *Abels v. Kaiser,* 913 F.2d 821, 823 (CA10 1990); *Estes v. United States,* 883 F.2d 645, 649 (CA8 1989); see also *Rodriquez v. United States,* 395 U.S. 327, 330 (1969). The order of the Court of Appeals did not cite or analyze this line of authority . . . .

*Id.* The Supreme Court remanded the matter to the Ninth Circuit for reconsideration in light of the cases the Court cited above.

On remand, the Ninth Circuit agreed with the cases cited by the Supreme Court and ruled that prejudice is presumed when a

petitioner establishes "that counsel's failure to file a notice of appeal was without the petitioner's consent." Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir. 1992). The Ninth Circuit, therefore, remanded the case to the federal district court for a determination of whether Lozada's trial counsel failed to pursue an appeal without Lozada's consent. The Ninth Circuit ruled further that if the federal district court found that Lozada did not consent, the district court must grant Lozada relief unless "Nevada allows Lozada to take a delayed appeal within a reasonable time." *Id.* at 959.

Lozada does not provide a copy of the federal district court's determination upon remand. Lozada indicates, however, that he has filed a notice of appeal in this court from his 1987 convictions pursuant to the instructions of the federal district court. Lozada's notice of appeal provides: "Such notice of appeal is further filed by reason of that Order issued by the Honorable Lloyd George of the United States District Court whereby Attorney James Buchanan was ordered to file a Notice of Appeal pursuant to a Petition for Writ of Habeas Corpus . . . ."

## DISCUSSION

This court lacks jurisdiction to entertain Lozada's appeal. Lozada filed a notice of appeal from his 1987 judgment of conviction well after the thirty-day appeal period prescribed by NRAP 4(b). We have consistently held that an untimely notice of appeal fails to vest jurisdiction in this court. *See, e.g.,* Jordon v. Director, Dep't of Prisons, 101 Nev. 146, 696 P.2d 998 (1985). We must, therefore, dismiss Lozada's appeal for lack of jurisdiction.

In light of the Ninth Circuit's failure to recognize the jurisdictional limitations on our authority to grant Lozada an appeal, we deem it necessary to detail Lozada's possible remedies. Our decision does not leave Lozada without a complete and adequate remedy. Lozada may obtain relief in the district court by filing a petition for a writ of habeas corpus.

Because Lozada previously petitioned the district court for post-conviction relief, Lozada must overcome the procedural hurdle of filing a successive petition. *See* NRS 34.810.[1] NRS

---

[1]NRS 34.810(2) provides:

> A second or successive petition must be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

34.810(3) requires petitioners who file a successive petition to establish ·good cause and prejudice for rearguing issues which have been rejected on their merits in a previous petition or for raising new grounds in a successive petition.[2]

## A. *Good cause for filing a successive petition*

To establish good cause to excuse a procedural default, a defendant must demonstrate that some impediment external to the defense prevented him from complying with the procedural rule that has been violated. *See* Passanisi v. Director, Dep't Prisons, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989). Because Lozada filed a timely petition for post-conviction relief, his claim of ineffective assistance of counsel was properly presented to the district court. If that claim had merit, the denial of relief by the district court, and the subsequent denial of relief by this court, would constitute an impediment external to the defense that would excuse appellant's default in presenting the same claim in a successive petition. Therefore, we must determine whether appellant presented a viable claim for relief in his petition for post-conviction relief.

Lozada contended in his petition that his trial counsel was ineffective for failing to inform him of the right to appeal his conviction. Lozada contended further that his trial counsel falsely represented that the public defender would perfect an appeal.

To state a claim of ineffective assistance of counsel that is sufficient to invalidate a judgment of conviction, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that counsel's errors were so severe that they rendered the jury's verdict unreliable. *See* Strickland v. Washington, 466 U.S. 668 (1984); Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), *cert. denied,* 471 U.S. 1004 (1985). Lozada contended that his trial counsel acted unreasonably in failing to perfect an appeal without Lozada's consent. We presume for purposes of this opinion that counsel failed to perfect an appeal without Lozada's consent.[3]

---

[2]NRS 34.726 requires a similar showing of good cause and prejudice for failing to petition for a writ of habeas corpus within one year of the final resolution of a direct appeal or from conviction if no appeal was taken. The former procedures for petitioning for a writ of habeas corpus also required a showing of good cause and prejudice for failing to file a timely petition for post-conviction relief. NRS 34.725 (effective for petitions filed prior to January 1, 1993).

[3]Petitioners for post-conviction relief have the burden of establishing factual allegations in support of their petitions. On the record presently

## 1. *The reasonableness of Lozada's counsel's conduct*

The failure to obtain Lozada's consent not to pursue an appeal would amount to unreasonable conduct. We have ruled that an attorney has a duty to perfect an appeal when a convicted defendant expresses a desire to appeal or indicates dissatisfaction with a conviction. *See* Fawaz v. State, 105 Nev. 682, 783 P.2d 425 (1989); Downs v. Warden, 93 Nev. 475, 568 P.2d 575 (1977). In *Fawaz,* for example, the appellant expressed a desire to challenge his conviction by filing a motion for new trial. *Fawaz,* 105 Nev. at 683, 783 P.2d at 425. We ruled that counsel was ineffective for failing to file a notice of appeal from the district court's denial of the motion for new trial. *Id.* Because Fawaz demonstrated a desire to challenge his conviction by filing a motion for new trial, counsel had a duty to perfect an appeal.

Similarly, in *Downs,* we noted that Downs never expressed a desire to appeal from his judgment of conviction and he seemed satisfied with the outcome of his case. We also noted that Downs had waited well over a year before asserting his alleged right to an appeal. *Downs,* 93 Nev. at 478, 568 P.2d at 576-77. We concluded: "In this factual setting, a trial attorney has no obligation to represent his client on appeal." *Id.* at 478, 568 P.2d at 577.

*Downs* implies that we would have reached the opposite conclusion had Downs expressed dissatisfaction with his conviction or expressed a desire to appeal within a reasonable time. We did not directly address in *Downs* the question of whether Downs knew of his right to appeal or whether counsel must inform his client of that right. Instead, we noted that the record was silent on the issue of whether Downs was informed of his right to appeal, and we concluded that under the peculiar circumstances of that case, Downs had failed to demonstrate that his attorney had been ineffective. *Id.*[4]

The federal courts have indicated that trial counsel has an affirmative duty to instruct a convicted client of the right to appeal regardless of whether the client expresses a desire to appeal. The United States Supreme Court has never directly

before this court, we cannot determine whether counsel failed to pursue an appeal without appellant's consent. For the purposes of this appeal, we will assume that Lozada's counsel failed to inform Lozada of the right to appeal, and neglected to obtain Lozada's consent not to pursue an appeal. Nevertheless, in any subsequent post-conviction proceeding in this case, appellant will bear the burden of proof on this issue.

[4]We note, nevertheless, that some of the language of *Downs* could be read as supporting the proposition that counsel has no duty to inform his client of his appeal rights. To the extent that any language in *Downs* is inconsistent with this opinion, we expressly disapprove it.

addressed this issue. The Court's opinion remanding Lozada's petition to the Ninth Circuit, however, appears to assume that an attorney must inform a client of the client's appeal rights. Lozada claimed that trial counsel either had a duty to inform him of his appeal rights or to ensure that he received appointed counsel who would perfect an appeal. Lozada v. Deeds, 498 U.S. 430, 430-31 (1991) (per curiam). The Supreme Court appears to have accepted these contentions as true as evidenced by the Court only addressing the Ninth Circuit's failure to consider whether prejudice may be presumed under the circumstances Lozada alleged.

Requiring trial counsel to inform a convicted client of the right to appeal is consistent with the Supreme Court's prior precedent. In Douglas v. California, 372 U.S. 353 (1963), the Court held that criminal defendants have a right to counsel on appeal when a state affords a right to appeal. The Court has ruled further that the "right to counsel on appeal—like the promise of Gideon [v. Wainwright, 372 U.S. 335 (1963)] that a criminal defendant has a right to counsel at trial—would be a futile gesture unless it comprehended the right to the effective assistance of counsel." Evitts v. Lucey, 469 U.S. 387, 397 (1985). The right to effective counsel on appeal would also be "a futile gesture" if a criminal defendant does not make an informed decision whether to appeal.

Several federal circuit courts have ruled that the Due Process Clause of the Federal Constitution imposes a duty on attorneys to inform clients of the right to appeal. In Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir. 1991), for example, the Court of Appeals for the Tenth Circuit ruled that, in *Evitts,* the Supreme Court "implicitly determined that the right to counsel applies to the time period for perfecting an appeal." According to the Tenth Circuit, counsel must explain the advantages and disadvantages of an appeal, explain the merits of an appeal and then ask the client whether to pursue an appeal. *Id.; see also* Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993); Nelson v. Peyton, 415 F.2d 1154 (5th Cir. 1969), *cert. denied,* Cox v. Nelson, 397 U.S. 1007 (1970).

The Ninth Circuit's opinion in Lozada v. Deeds, 964 F.2d 956 (9th Cir. 1992), also indicates that counsel has a duty to inform a client of the right to appeal a conviction. The Ninth Circuit ruled that counsel may not fail to perfect an appeal of a conviction "without the petitioner's consent." *Id.* at 958. Logically, a criminal defendant cannot consent to forgo an appeal unless the defendant knows of the right to appeal. The Ninth Circuit thus implicitly held that counsel has a duty to discuss a client's appeal rights with the client.

We find these cases persuasive. Convicted defendants likely lack the expertise necessary to perfect an appeal. The absence of the assistance of counsel during the time period for filing an appeal may also render the right to counsel on appeal meaningless. Accordingly, trial counsel must inform a convicted client of the right to appeal. This duty includes informing the client of the procedures for filing an appeal as well as the advantages and disadvantages of filing an appeal. Assuming that Lozada's counsel failed to inform Lozada of his right to appeal, Lozada has demonstrated that his counsel acted unreasonably under *Strickland.*

## 2. *Whether counsel's conduct prejudiced Lozada*

Assuming the truth of Lozada's allegations, Lozada can also demonstrate prejudice under *Strickland.* In *Fawaz,* we implicitly ruled that prejudice may be presumed on claims based on the ineffective assistance of counsel when a petitioner has been deprived of the right to appeal. After concluding that counsel failed to provide effective assistance, we ruled that Fawaz "was prejudiced by the ineffective conduct of his attorney because he lost his right to review by this court." Fawaz v. State, 105 Nev. 682, 683, 783 P.2d 425, 426 (1989).

The United States Supreme Court has similarly presumed prejudice when an attorney fails to inform a criminal defendant about the right to appeal. In Rodriquez v. United States, 395 U.S. 327 (1969), an attorney failed to file a notice of appeal against his client's wishes. *Id.* at 328. The federal district court and the circuit court of appeals rejected the petitioner's request for post-conviction relief because he failed to establish prejudice by setting forth any meritorious issues for appeal. *Id.* at 329.

The Supreme Court reversed and ruled that prejudice must be presumed in this instance because an unrepresented defendant likely lacks the expertise necessary to formulate arguments for appeal. *Id.* at 330. Rodriquez also did not speak English and thus he lacked the skills necessary to articulate issues for appeal. Accordingly, the Supreme Court presumed that Rodriquez had suffered prejudice.

In Strickland v. Washington, 466 U.S. 668, 692 (1984), the United States Supreme Court reaffirmed, without citing, its holding in *Rodriquez.* Specifically, the Court ruled: "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." The Supreme Court further reaffirmed this rule in Penson v. Ohio, 488 U.S. 75 (1988). In that case, the Supreme Court considered the procedures to be

followed when appointed counsel files a notice of no merit appeal. The Court rejected a harmless error analysis and a prejudice requirement because, in the Court's view, the right to counsel on appeal is essential to ensure justice and fairness. *Id.* at 84-85. The Court explained that prejudice need not be shown where the denial of counsel leaves a defendant "completely without representation . . . ." *Id.* at 88. Instead, the Court ruled that *Strickland* requires a showing of prejudice only where "counsel fails to press a particular argument on appeal or fails to argue an issue as effectively as he or she might." *Id.* (Citation omitted.)

The Ninth Circuit adopted similar reasoning in reviewing Lozada's petition for post-conviction relief. Relying on *Rodriquez* and *Strickland,* the Ninth Circuit ruled that prejudice must be presumed when a defendant is denied the right to counsel on appeal. Lozada v. Deeds, 964 F.2d 956, 957-58 (9th Cir. 1992). The Ninth Circuit held: "Because applicants . . . must, if indigent, prepare their petitions without the assistance of counsel, as a practical consequence there is a total denial of counsel when compared to the right to counsel that a state or federal prisoner would have on direct appeal." *Id.* at 958. The Ninth Circuit thus concluded that "prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent." *Id.; see also* United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991), *cert. denied,* ...... U.S. ......, 112 S.Ct. 3009 (1992); Abels v. Kaiser, 913 F.2d 821 (10th Cir. 1990); Estes v. United States, 883 F.2d 645 (8th Cir. 1989).

Based on these federal cases and our opinion in *Fawaz,* we conclude that prejudice may be presumed for purposes of establishing the ineffective assistance of counsel when counsel's conduct completely denies a convicted defendant an appeal. Consequently, we incorrectly required Lozada to establish prejudice in his appeal from the denial of his petition for post-conviction relief. Assuming Lozada's trial counsel failed to perfect an appeal without Lozada's consent, Lozada presumably suffered prejudice because he was deprived of his right to appeal.

Having concluded that Lozada can establish a claim for the ineffective assistance of counsel if he can demonstrate that his trial counsel failed to perfect an appeal without his consent, good cause exists to excuse the filing of a successive petition for a writ of habeas corpus. NRS 34.810. This court's and the district court's failure to recognize that Lozada had presented a timely, meritorious claim based on the ineffective assistance of counsel constitutes an external force which excuses the filing of a succes-

sive petition. Passanisi v. State, 105 Nev. 63, 66, 769 P.2d 72, 74 (1989).[5]

### B. *Prejudice to excuse the filing of a successive petition for a writ of habeas corpus*

Although Lozada can establish good cause for filing a successive petition, NRS 34.810(3) also requires him to establish that he has suffered "actual prejudice." Lozada could establish prejudice if his trial counsel's conduct deprived Lozada of his right to appeal. As we indicated in *Fawaz,* the denial of the right to appeal deprives a person of a basic right that presumably prejudices the person. Fawaz v. State, 105 Nev. 682, 783 P.2d 425 (1989). Lozada can thus demonstrate that he has suffered sufficient prejudice to excuse the filing of a successive petition for a writ of habeas corpus.

The required showing of prejudice to establish a claim of ineffective assistance of counsel is separate and distinct from the showing of prejudice required to overcome a procedural default. The legislature requires a showing of prejudice to excuse procedural defaults to prevent the filing of successive petitions and to avoid abuse of post-conviction remedies. In addition, requiring prejudice to excuse the filing of untimely petitions helps to ensure that claims are raised before evidence is lost or memories fade.

Without such limitations on the availability of post-conviction remedies, prisoners could petition for relief in perpetuity and thus abuse post-conviction remedies. In addition, meritless, successive and untimely petitions clog the court system and undermine the finality of convictions. A showing of prejudice is thus essential to prevent the filing of successive and meritless petitions for post-conviction relief.

These concerns do not arise, however, in the context of claims based on the ineffective assistance of counsel. Prejudice in that context addresses the effects of the unreasonable conduct of counsel on a defendant's trial. In this case, however, both prejudice requirements happen to address the same concern: namely, the complete denial of counsel. Lozada's counsel's conduct may have deprived Lozada of the fundamental right of counsel on appeal. The denial of this right results in prejudice for purposes

---

[5]We note, however, that this conclusion is based on the fact that appellant timely and properly presented his claim in a petition for post-conviction relief. This opinion should not be read to excuse the untimely filing of a petition for post-conviction relief or post-conviction habeas relief simply on the allegation that a claimant was deprived of a direct appeal from a judgment of conviction without his consent.

of both establishing the ineffective assistance of counsel and for excusing the filing of a successive petition for post-conviction relief.

## C. *Lozada has an adequate remedy in the district court*

Because Lozada can establish good cause and prejudice if he substantiates his allegations, he has an adequate remedy in the district court through a petition for a writ of habeas corpus. If Lozada can establish his claim that he was denied his right to effective assistance of counsel on appeal, which had the effect of denying Lozada his right to appeal, the appropriate remedy would be to allow Lozada an opportunity to raise in a petition for a writ of habeas corpus any issues which he could have raised on direct appeal. If the district court denies Lozada relief, he may appeal the denial to this court.

A complete remedy will exist, however, only if the district court grants Lozada counsel to assist him in the preparation of a petition for a writ of habeas corpus. Because convicted persons have the right to counsel on direct appeal, the appointment of counsel is essential to remedy the loss of the right to an appeal. Thus if Lozada files a post-conviction petition for a writ of habeas corpus, the district court should appoint counsel to assist Lozada.

## CONCLUSION

The procedure discussed above provides Lozada a complete remedy for the alleged denial of his right to appeal. Accordingly, we dismiss this appeal for lack of jurisdiction without prejudice to Lozada's right to petition the district court for a writ of habeas corpus.