An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE VONTRESS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62057

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a proper person appeal from a judgment of conviction.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Our review of this appeal reveals a jurisdictional defect. Specifically, the district court entered the judgment of conviction on June 15, 2012. Appellant did not file the notice of appeal, however, until November 1, 2012, well after the expiration of the thirty-day appeal period prescribed by NRAP 4(b).[2] "[A]n untimely notice of appeal fails to vest

---

[1]Appellant represented himself at trial and at sentencing. Appellant also submitted a second notice of appeal from the denial of a presentence motion for a new trial. The denial of a presentence motion for a new trial is not an independently appealable decision; rather, the denial is only reviewable as an interlocutory decision of the district court on direct appeal from a judgment of conviction. NRS 177.045.

[2]Appellant asserts that the November notice of appeal is a second notice of appeal and that he submitted a timely notice of appeal on June 11, 2012. However, the docket entries do not indicate that a notice of appeal was received in the district court until the filing of the November 1, 2012 notice of appeal. Because there is no proof that a notice of appeal was sent on June 11, 2012, the November 1, 2012, filing date controls.

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07766

jurisdiction in this court." <u>Lozada v. State</u>, 110 Nev. 349, 352, 871 P.2d 944, 946 (1994). Accordingly, we conclude that we lack jurisdiction to consider this appeal, and we

ORDER this appeal DISMISSED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. James M. Bixler, District Judge
George Vontress
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

*...continued*

Because appellant represented himself at trial and at sentencing, the district court was required to advise him of the right to appeal the conviction. <u>See</u> NRS 177.075(2). The minutes are silent as to whether he received such an advisement and whether appellant requested that a notice of appeal be filed on his behalf. Any claim that appellant was deprived of a direct appeal without his consent must be raised in a timely post-conviction petition for a writ of habeas corpus filed in the district court in the first instance. <u>See</u> NRS 34.724(1), (2)(b); NRS 34.738(1). In the instant case, because appellant failed to file a timely notice of appeal from his judgment, a timely post-conviction petition for a writ of habeas corpus must be filed in the district court before June 17, 2013 (a Monday), one year from entry of the judgment of conviction. NRS 34.726(1).