An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LIONEL TATE A/K/A LIONEL FRED TATE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61573

FILED

APR 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on April 10, 2012, appellant claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. Ford v. State, 105

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10532

Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. Strickland v. Washington, 466 U.S. 668, 697 (1984).

First, appellant claimed that his appellate counsel failed to federalize his claims for relief on appeal. Appellant failed to demonstrate that there was a reasonable probability of a different outcome had appellate counsel federalized his claims on appeal. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his appellate counsel failed to raise a claim that his guilty plea was coerced because he was not provided enough time to consider the plea and discovery and the amended indictment failed to vest jurisdiction in the court. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant cannot ordinarily challenge the validity of the guilty plea on direct appeal without first having litigated the claim in the district court or without the error being obvious from the record. See Smith v. State, 110 Nev. 1009, 1010 n.1, 879 P.2d 60, 61 n.1 (1994); Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). Appellant did not file or pursue a presentence motion to withdraw a guilty plea in the district court, and the error was not obvious from the record. Therefore, we conclude that the district court did not err in denying this claim.[2]

---

[2]We note that appellate counsel argued that the indictment was improperly amended and that the plea was invalid because appellant felt pressured and was unaware of the alleged defect to the amended indictment. This court concluded that appellant waived challenging any claim to the amended indictment by entry of his plea and that under the totality of the circumstances appellant failed to demonstrate that his plea

*continued on next page...*

Third, appellant claimed that his appellate counsel failed to argue that the district court did not have jurisdiction to accept his plea because the amended indictment changed the category of the offenses from Category B trafficking to Category A trafficking. Appellant's claim is belied by the record as appellate counsel did argue that the indictment was not properly amended. Appellant failed to demonstrate that there was a reasonable probability of a different outcome had appellate counsel raised further arguments on this issue. Therefore, we conclude that the district court did not err in denying this claim.

Finally, appellant claimed that the appeal-deprivation remedy provided for in Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994) was unconstitutional. This claim was outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging the validity of a judgment of conviction arising from a guilty plea. NRS 34.810(1)(a). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

---

*...continued*
was invalid. Tate v. State, Docket No. 57228 (Order of Affirmance, November 18, 2011).

cc: Hon. Douglas W. Herndon, District Judge
Lionel Tate
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk