An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DOYLE DOLEN LANCASTER,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 62314

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant argues that the district court erred by denying his post-conviction petition without conducting an evidentiary hearing on his claims that (1) he had good cause to excuse his untimely and successive petition based on trial counsel's conflict of interest and ineffective assistance and appellant's medical issues and (2) he could demonstrate actual innocence to overcome the procedural defaults. Appellant was entitled to an evidentiary hearing on his claims only if he "assert[ed] specific factual allegations that [were] not belied or repelled by the record and that, if true, would entitle him to relief." *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

On July 2, 2003, appellant was convicted of four counts of lewdness with a child under the age of 14 years. He did not file a direct appeal but filed a timely post-conviction petition on July 1, 2004. The district court concluded that appellant had been deprived of a direct appeal, and appellant filed a post-conviction petition pursuant to *Lozada*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31014

*v. State*, 110 Nev. 349, 359, 871 P.2d 944, 950 (1994). The district court denied the *Lozada* petition, and this court upheld the judgment, *Lancaster v. Warden*, Docket No. 51446 (Order of Affirmance and Limited Remand to Correct the Judgment of Conviction, October 26, 2009). Appellant filed the instant post-conviction petition on August 2, 2011. Because appellant filed his petition more than 8 years after the entry of the judgment of conviction, the petition was untimely under NRS 34.726. It also was successive pursuant to NRS 34.810(2). The petition therefore was procedurally barred absent a demonstration of good cause and prejudice. NRS 34.726(1); NRS 34.810(3). If appellant cannot demonstrate good cause, the district court may nevertheless excuse a procedural bar if he demonstrates that failing to consider the petition would result in a fundamental miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). A fundamental miscarriage of justice requires "a colorable showing" that the appellant is "actually innocent of the crime." *Id.* He "must show that it is more likely than not that no reasonable juror would have convicted him absent a constitutional violation." *Id.* In this context, actual innocence means "factual innocence, not mere legal insufficiency." *Mitchell v. State*, 122 Nev. 1269, 1273-74, 149 P.3d 33, 36 (2006) (internal quotation marks and citation omitted).

As good cause to overcome the procedural bars, appellant argues that counsel was ineffective on a number of grounds, including that counsel had a conflict of interest based on counsel's alleged agreement with the victim's family members to prevent the victim's appearance at court appearances in exchange for payment. While an ineffective-assistance-of-counsel claim may excuse a procedural default, "the ineffective assistance of counsel claim itself must not be procedurally

defaulted." *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Because appellant's claims of ineffective assistance of counsel are untimely, they cannot serve as good cause for the delay in filing his petition and he has not explained why he could not have raised those claims in his prior post-conviction petition. Appellant also argues that his physical and mental health issues establish good cause for the delay in filing his petition. However, he has not explained how those matters prevented him from filing his petition for 8 years after the filing of the judgment of conviction. We therefore conclude that the district court did not err by denying his post-conviction petition as procedurally barred without conducting an evidentiary hearing on his good-cause claims.[1]

Appellant next argues that he is actually innocent because his physical limitations precluded him from becoming sexually aroused and therefore he could not have committed his crimes. Because appellant pleaded guilty, he must demonstrate not only that he is factually innocent of the charges to which he pleaded guilty but also that he is factually innocent of any more serious charges forgone in the plea bargaining process. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Appellant does not address actual innocence relative to any charges relinquished by the State during negotiations. Nevertheless, we conclude that his claim lacks merit because the offense of lewdness with a child does not require

---

[1]To the extent appellant argues that NRS 34.726 should be subject to equitable tolling, we reject that argument because the plain language of that statute provides that a petitioner must demonstrate good cause for a delay in filing a post-conviction petition and that good cause may exist if he demonstrates that the delay was not his fault and prejudice. *See* NRS 34.726(1)(a), (b).

 

that the criminal act arouse the defendant. *See* NRS 201.230(1) (requiring the criminal act was committed "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child"). Accordingly, we conclude that the district court did not err by denying his claim of actual innocence without conducting an evidentiary hearing.[2]

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                              Cherry

cc: Hon. Jerome Polaha, District Judge
    Karla K. Butko
    Attorney General/Carson City
    Washoe County District Attorney
    Washoe District Court Clerk

---

[2]To the extent appellant argues that trial counsel's ineffective assistance establishes actual innocence, his claim lacks merit as the actual innocence exception requires him to show that he is factually innocent of the crimes charged, *see Mitchell*, 122 Nev. at 1273-74, 149 P.3d at 36, and his ineffective-assistance-of counsel claims make no such showing.