An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IAN ARMESE WOODS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63216

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus and a motion to correct an illegal sentence.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

*Post-conviction petition for a writ of habeas corpus*

Appellant filed his petition on November 16, 2012, more than one year after entry of the judgment of conviction on September 29, 2011. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Woods v. State*, Docket No. 62095 (Order of Affirmance, July 23, 2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30678

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). A petitioner may be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

First, appellant claimed that the procedural bars did not apply because he was raising jurisdictional claims. Appellant's claims did not implicate the jurisdiction, personal or subject matter, of the court. *See* Nev. Const. art. 6, § 6; NRS 171.010. Therefore, the procedural bars applied to appellant.

Second, appellant claimed that the time to file a petition was tolled while he was litigating his first petition. The district court did not err in rejecting this claim. NRS 34.726(1) provides two triggers for the timely filing of a post-conviction petition for a writ of habeas corpus: entry of a judgment of conviction or issuance of remittitur in the timely direct appeal. No tolling motions or petitions are recognized in NRS chapter 34 in regards to the filing of a timely post-conviction petition for a writ of habeas corpus.

Third, appellant claimed that he was not provided notice in the Nevada Revised Statutes that he was required to set forth all of his claims for relief in his first petition. The district court did not err in rejecting this claim. NRS chapter 34 adequately provided notice that all claims were to be litigated in the first petition. *See* NRS 34.735 ("You must include all grounds or claims for relief which you have regarding your conviction or sentence. Failure to raise all grounds in this petition may preclude you from filing future petitions challenging your conviction

and sentence."); NRS 34.810 (2), (3) (providing that absent a showing of good cause and actual prejudice, a petition must be dismissed if the petition is the second or successive petition raising claims previously decided on the merits or raises new and different grounds for relief). Appellant's lack of legal knowledge about the filing requirements was not an impediment external to the defense. *See Lozada v. State*, 110 Nev. 349, 353, 871 P.2d 944, 946 (1994).

Next, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion. Further, this court has recently held *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Finally, appellant claimed that a fundamental miscarriage of justice excused his procedural defects because he allegedly suffered various constitutional violations. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred.

*Motion to correct an illegal sentence*

In his motion filed on November 16, 2012, appellant claimed his sentence was illegal and the district court lacked jurisdiction because the district court failed to first pronounce a sentence on the primary offense before adjudicating him a habitual criminal. Despite the fact that appellant labeled his claims as involving jurisdiction and an illegal sentence, appellant's claim fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Therefore, without considering the merits of any of the claims raised in the motion, we conclude that the district court did not err in denying the motion.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[3]We conclude that the district court did not err in denying appellant's motion for constitutional protection and motion to preclude ex-parte communication.

cc: Hon. Jessie Elizabeth Walsh, District Judge
Ian Armese Woods
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk