An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICARDO JOSE LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64296

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

RICARDO JOSE LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65470

## ORDER OF AFFIRMANCE

These are proper person appeals from orders denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant filed identical petitions on July 8, 2013, and November 14, 2013, approximately three years after issuance of the remittitur in his appeal pursuant to *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994) on October 7, 2010. *Lopez v. State*, Docket No. 54256 (Order of Affirmance, September 10, 2010). Thus, appellant's petitions

---

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). We elect to consolidate these appeals for disposition. *See* NRAP 3(b).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34394

were untimely filed. *See* NRS 34.726(1). Moreover, appellant's petitions were successive because he had previously litigated a post-conviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petitions were procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant indicated that grounds 1, 2, and 3, and portions of 4 were previously litigated, but that he was raising them again so that error could be assessed cumulatively.[3] This argument does not provide good cause for re-litigating claims in a successive petition that this court has previously determined to lack merit because there is simply no error to

---

[2]*Lopez v. State*, Docket No. 54256 (Order of Affirmance, September 10, 2010).

[3]Grounds 1, 2, and 3 have clearly been presented to this court. Citing to "portions" of ground 4 (ineffective assistance of counsel) as being previously raised does not meet the pleading requirements of NRS 34.735, and does not provide sufficient clarity for a determination of good cause and prejudice under NRS 34.810. Appellant indicated that ground 4, paragraphs 2, 3, 5, 6, and 7 were new grounds for relief—not previously raised in state court. Ground 4 contains 45 paragraphs. The only grounds considered as "new" are those specifically identified by appellant. If any claims raised in the forty additional paragraphs contained a new ground for relief, which was not identified by appellant as such, this court has not considered the claim due to the insufficient pleading. And to be clear, we have considered as claims previously raised before this court only those claims actually argued in *Lopez v. State*, Docket No. 54256 (Order of Affirmance, September 10, 2010). Any claims raised in the first petition but not litigated in the first appeal were abandoned and are not considered new pursuant to NRS 34.810(2).

cumulate. *See generally In Re Reno*, 283 P.3d 1181 (Cal. 2012) (recognizing in the context of California's habeas jurisprudence that claims previously litigated and rejected on their "substantive merits—i.e., this court found no legal error—cannot logically be used to support a cumulative error claim because [the Supreme Court] has already found there was no error to cumulate"). Although appellant purportedly identified which grounds for relief had been previously raised, he failed to include any acknowledgement that his claims were rejected on their substantive merits. All of the claims previously raised before this court and reviewed by this court have been determined to lack legal error.[4] A solitary claim involved this court's determination of the merits of a claim based solely on the lack of prejudice—the failure of trial counsel to call Dr. John Paglini to testify at the penalty hearing. Even assuming that this claim could be presented again for its cumulative effect, because appellant failed to demonstrate good cause for the new claims, as discussed below, appellant necessarily failed to demonstrate good cause and prejudice for presenting this claim again.

Next, appellant indicated that ground 4, paragraphs 2, 3, 5, 6, and 7, presented new claims for relief. Appellant claimed that he had good cause to raise the new claims due to the ineffective assistance of post-conviction counsel in the first post-conviction proceedings. Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction habeas corpus proceedings was not statutorily or

---

[4]We note that although a claim of ineffective assistance of counsel involves a factual component, it is a claim of legal error. *See Trujillo v. State*, 129 Nev. ___, ___, 310 P.3d 594, 602 (2013).

constitutionally required.[5] *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, we note that this court has recently held that *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012) (recognizing an equitable exception to a federal procedural bar due to the ineffective assistance of post-conviction counsel) does not apply to Nevada's statutory post-conviction procedures. *See Brown v. Warden*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Therefore, we conclude that the district court did not err in denying these petitions as procedurally barred and without good cause. Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Parraguirre

SAITTA, J., dissenting:

I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence. *See Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting). Accordingly, I would

_____

[5]We note that appellant was entitled to the effective assistance of counsel in the *Lozada* appeal because it remedied the loss of a direct appeal. *See Lozada v. State*, 110 Nev. 349, 359, 871 P.2d 944, 950 (1994). That right did not extend, however, to the post-conviction claims litigated.

reverse and remand for the district court to determine whether appellant can demonstrate a substantial underlying ineffective-assistance-of-trial-counsel claim that was omitted due to the ineffective assistance of post-conviction counsel. I therefore dissent.

_____, J.
Saitta

cc: Hon. Douglas W. Herndon, District Judge
  Ricardo Jose Lopez
  Attorney General/Carson City
  Clark County District Attorney
  Eighth District Court Clerk