NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY LEE JONES III, | No. 16-16528 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00320-HDM |
| v. | |
| TIMOTHY FILSON and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Nevada state prisoner Johnny Lee Jones III appeals pro se from the district

court's order dismissing his petition under 28 U.S.C. § 2254 as untimely. We have

jurisdiction under 28 U.S.C. § 2253, and we vacate and remand for further

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. Jones's motion for oral argument is denied.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

proceedings on equitable tolling.

Jones first contends that his petition is timely under 28 U.S.C. § 2244(d)(1) because his trial counsel's failure to pursue a direct appeal deferred the commencement of the one-year limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Our decision in *Randle v. Crawford*, 604 F.3d 1047 (9th Cir. 2010), forecloses Jones's contentions that the one-year AEDPA limitations period commenced on the date the Nevada Supreme Court dismissed his untimely notice of appeal or on the date that the Nevada Supreme Court granted him relief pursuant to *Lozada v. State*, 871 P.2d 944 (Nev. 1994). *See Randle*, 604 F.3d at 1055-57.

Jones also contends that the district court erred by rejecting his equitable tolling arguments. To establish entitlement to equitable tolling, Jones must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, the signature and certification on Jones's first state habeas petition indicate that Jones may have submitted his petition for mailing as early as December 8, 2006, approximately ten days before the expiration of the AEDPA limitations period, and he filed a federal habeas petition approximately two months

after the conclusion of his state habeas proceedings. If Jones establishes an entitlement to tolling for any amount of time during the limitations period, that time is subtracted from the total number of days that have passed from the date on which the AEDPA limitations period began to run. *See Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017); *see also Gibbs v. Legrand*, 767 F.3d 879, 891-92 (9th Cir. 2014) (applying stop-clock rule to equitable tolling of AEDPA limitations period). "If, after [the days during a tolled period] are subtracted, less than 365 days have passed," Jones's petition is timely. *Grant*, 862 F.3d at 918.

Jones seeks equitable tolling based on (1) the alleged destruction of his trial transcripts, (2) his use of certain medication from December 2005 through January 2007, and (3) his trial counsel's failure to file a direct appeal. We do not disturb the district court's determinations regarding Jones's trial transcript claim. With regard to the remaining two bases, we remand for further proceedings.

Jones submitted an affidavit explaining that after sentencing he began receiving monthly injections of an anti-psychotic medication that caused extreme confusion. If Jones demonstrates that the medication incapacitated him for even short periods of time and prevented him from filing a habeas petition, the limitations period would be tolled for those periods. *See Gibbs*, 767 F.3d at 892. In the absence of specific controverting evidence from the state, Jones's allegations are sufficient, under the circumstances, to warrant further factual development of

16-16528

the record on this claim. *See Orthel v. Yates*, 795 F.3d 935, 940-41 (9th Cir. 2015).

With respect to Jones's arguments regarding his counsel's conduct, the district court correctly recognized that "garden variety claim[s] of excusable neglect"—such as miscalculating a deadline or filing an untimely appeal—are not extraordinary circumstances warranting equitable tolling. *See Gibbs*, 767 F.3d at 885 (alteration in original) (quoting *Holland*, 560 U.S. at 651-52). Construing his pro se briefing broadly, as we must, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), Jones also alleges that his counsel routinely failed to respond to letters and inquiries regarding a direct appeal and incorrectly informed Jones's family that he had filed a direct appeal on Jones's behalf. The district court failed to consider whether these allegations are supported adequately in the record or amount to client abandonment that would warrant equitable tolling. *See Rudin v. Myles*, 781 F.3d 1043, 1055-56 (9th Cir. 2015).

Because the district court did not consider these aspects of Jones's arguments regarding his use of medication and his counsel's conduct, we remand for further proceedings on those bases for equitable tolling. To the extent the district court determines that Jones's use of medication or his counsel's conduct amount to extraordinary circumstances, the district court must reassess Jones's diligence with respect to those circumstances. *See Grant*, 862 F.3d at 923 (holding that a petitioner is not required to show diligence during all of the 365 days

AEDPA provides for filing because the diligence inquiry is primarily concerned with diligence "at the time [petitioner's] efforts were being thwarted," i.e., during the period or periods for which equitable tolling is sought (quoting *Gibbs*, 767 F.3d at 802)).

**VACATED and REMANDED.**