# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHATANNA SHUNTAY WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71825

FILED

JAN 1 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order resolving a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Shatanna Shuntay Williams filed her petition on November 4, 2013, more than 5 years after the remittitur issued on direct appeal. *See Williams v. State*, Docket No. 51249 (Order of Affirmance, September 11, 2008). Thus, her petition was untimely filed. *See* NRS 34.726(1). Moreover, the petition was successive because she had previously filed a postconviction petition.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Williams' petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).[2]

---

[1]Williams did not appeal the denial of her first postconviction petition.

[2]The State pleaded laches as well, but the district court did not apply the bar.

18-01356

In her 2013 postconviction petition, Williams claimed that trial counsel was ineffective for failing to introduce mitigating evidence and that cumulative error deprived her of due process. As good cause, she apparently asserted that her lack of counsel during her first postconviction proceeding hindered her ability to litigate the first petition and deprived her of an appeal from the denial of the first petition. The district court denied Williams' claims of ineffective assistance of trial counsel but permitted Williams to file a late notice of appeal from the December 31, 2009, district court order denying her first postconviction petition, relying on *Lozada v. State*, 110 Nev. 349, 871 P.2d 944 (1994). Williams then filed this appeal.

We conclude that the district court erred to the extent that it allowed a late appeal from the order denying Williams' first postconviction petition. *Lozada* deals with an ineffective-assistance claim based on counsel's failure to file a notice of appeal from a judgment of conviction. *Lozada*, 110 Nev. at 357, 871 P.2d at 949. In contrast, Williams was not entitled to the appointment of postconviction counsel and did not have a right to effective assistance of postconviction counsel. *Brown v. McDaniel*, 130 Nev. 565, 331 P.3d 867 (2014). *Lozada* therefore is not applicable.[3] Regardless, Williams has not filed a notice of appeal designating the 2009 order. *See* NRAP3(c)(1)(B) (requiring notice of appeal to designate the "order or part thereof being appealed"). The instant notice of appeal designates "the Findings of Fact, Conclusions of Law and Order entered in this action on November 7, 2016" as the order being appealed. Williams,

---

[3]Additionally, the Nevada Rules of Appellate Procedure do not permit a court to extend the time to file a notice of appeal in any cases other than where there has been a determination that a defendant was unlawfully deprived of the right to a direct appeal from a judgment of conviction or sentence. *See* NRAP 4(c); NRAP 26(b)(1)(A).

however, has not asserted any errors regarding that order. We therefore affirm the district court's order to the extent that it denied the petition filed in 2013.

_____ Cherry, J.
Cherry

_____ Parraguirre, J.
Parraguirre

_____ Stiglich, J.
Stiglich

cc: Hon. Eric Johnson, District Judge
Robert L. Langford & Associates
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk