# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE MANUEL BALTAZAR-MONTERROSA,

Appellant,

vs.

THE STATE OF NEVADA,

Respondent.

No. 82129

FILED

FEB 01 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order denying a motion to correct an illegal sentence. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Review of the notice of appeal revealed a potential jurisdictional defect. It appeared the notice of appeal was untimely filed. The order denying appellant's motion to correct an illegal sentence was entered on October 16, 2020. Although a notice of entry of order was filed and served on October 19, 2020, an appeal from an order denying a motion to correct an illegal sentence must be filed within 30 days of entry of the order. NRAP 4(b)(1)(A); *Edwards v. State*, 112 Nev. 704, 709, 918 P.2d 321, 325 (1996). Appellant's notice of appeal was not filed in the district court until November 18, 2020, two days after expiration of the 30-day appeal period prescribed by NRAP 4(b). *See* NRCP 6(a)(1)(C) (governing computation of time). Accordingly, this court directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-03058

In response, appellant asserts that the district court treated appellant's motion, in the alternative, as a postconviction petition for a writ of habeas corpus where the court appointed counsel to represent appellant on his "Motion/Petition for Writ of Habeas Corpus (Post Conviction)," appellant's motion challenged the validity of his judgment of conviction and sentence based on alleged errors occurring at trial and at sentencing, and appellant filed a "Notice of No Supplement to Motion to Correct Illegal Sentence/Petition for Writ of Habeas Corpus (Post-Conviction)." Thus, appellant contends, the 30-day time period in NRS 34.575(1) applies and the notice of appeal was timely filed on November 18, 2020, 30 days from the Notice of Entry of Order. Respondent replies that it "does not object to the Court's consideration of this appeal on the basis of any jurisdictional defect."

Appellant's motion was titled a motion to correct an illegal sentence, relied upon NRS 176.555 (Correction of Illegal Sentence), and did not purport to seek habeas relief. The district court's order is titled "Order Denying Motion to Correct Illegal Sentence," states that "Petitioner now seeks relief via a Motion to Correct Illegal Sentence," addresses the legal requirements for a motion to correct an illegal sentence, and concludes that appellant's argument falls outside the narrow scope of a motion to correct an illegal sentence and was already rejected by this court in a previous appeal. Under these circumstances, it does not appear that the district court treated appellant's motion as a postconviction habeas petition. We thus reject appellant's contention that the appeal period in NRS 34.575(1) applies here.

As appellant's notice of appeal was not timely filed from entry of the order denying his motion to correct an illegal sentence, this court

lacks jurisdiction, *see Lozada v. State*, 110 Nev. 349, 352, 871 P.2d 944, 946 (1994), and

ORDERS this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.    _____, J.
Stiglich                        Silver

cc:    Hon. Connie J. Steinheimer, District Judge
Oldenburg Law Office
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk