PATRICIA GEBERS, AKA PATRICIA BURKLAND, AKA KIM WILKES, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 34836

RUSSELL KIPER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 35950

August 2, 2002

50 P.3d 1092

*Patricia Gebers,* Las Vegas, in Proper Person.

*Russell Kiper,* Indian Springs, in Proper Person.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

---

[5]*Id.* at 296.

*Robert L. Langford,* Las Vegas, for Amicus Curiae Nevada Attorneys for Criminal Justice.

## OPINION

*Per Curiam:*

In separate proceedings below, appellants filed proper person post-conviction petitions for writs of habeas corpus alleging, in part, that the attorneys that represented them in the proceedings leading to their convictions had provided ineffective assistance of counsel.[1] The district court conducted hearings concerning appellants' petitions. At both hearings, the district court received evidence and testimony, including testimony from appellants' former counsel regarding the merits of the claims raised in appellants' petitions. Appellants, however, were not present at these hearings, nor was post-conviction counsel appointed to represent appellants at the hearings. Thereafter, the district court denied appellants' petitions, relying in part on the evidence presented at the hearings. As discussed below, we conclude that the district court violated appellants' statutory rights as set forth in NRS chapter 34 by conducting evidentiary hearings regarding the merits of the claims raised in the petitions without first providing for appellants' presence at the hearings.

---

[1]We elect to consolidate these appeals for disposition. *See* NRAP 3(b).

## FACTS

### Gebers v. State, Docket No. 34836

On July 15, 1998, the district court convicted appellant Patricia Gebers, pursuant to a guilty plea, of grand larceny. The district court sentenced Gebers to serve forty-eight to one hundred twenty months in the Nevada State Prison, to be served consecutively to two terms of imprisonment imposed in two other district court cases. Gebers did not file a direct appeal.

On June 7, 1999, Gebers filed a proper person post-conviction petition for a writ of habeas corpus in the district court. In the petition, Gebers claimed that her former counsel rendered ineffective assistance and that her guilty plea was invalid. The State opposed the petition. Pursuant to NRS 34.750, the district court declined to appoint counsel to represent Gebers. On August 6, 1999, the district court determined that a hearing should be conducted wherein appellant's former counsel, Paul Wommer, could testify regarding what he did and did not tell Gebers prior to the entry of Gebers' plea of guilty.[2]

On August 31, 1999, the district court conducted the hearing. Gebers was not present. Nonetheless, the district court questioned attorney Wommer, who represented Gebers in the proceedings leading to her conviction, regarding the merits of the claims raised in the petition. On September 13, 1999, after hearing and considering the evidence and testimony from Gebers' former counsel, the district court denied the petition. This appeal followed.

### Kiper v. State, Docket No. 35950

On January 21, 1999, the district court convicted appellant Russell Kiper, pursuant to a guilty plea, of driving while under the influence of alcohol. The district court sentenced Kiper to serve a term of ninety-six to two hundred forty months in the Nevada State Prison. This court dismissed Kiper's untimely appeal from his judgment of conviction and sentence.[3]

On December 30, 1999, Kiper filed a proper person post-conviction petition for a writ of habeas corpus in the district court. In the petition, Kiper claimed, among other things, that he

---

[2]During the proceedings conducted on August 6, 1999, counsel for the State inquired if the hearing with Mr. Wommer would be an "evidentiary hearing." The district court replied, "In the sense that I would want Mr. Wommer to indicate what his recollections are." Because the district court subsequently heard testimony from Mr. Wommer on August 31, 1999, directly addressing the claims presented in Gebers' petition, it is clear that the hearing conducted on August 31, 1999, is properly characterized as an "evidentiary hearing."

[3]Kiper v. State, Docket No. 34020 (Order Dismissing Appeal, May 3, 1999).

asked his counsel to file a direct appeal and his counsel failed to do so. The State opposed the petition. Pursuant to NRS 34.750, the district court declined to appoint counsel to represent Kiper. On March 31, 2000, the district court conducted a hearing. Kiper was not present at the hearing. At the hearing, the district court questioned the attorney who had formerly represented Kiper in the proceedings leading to his conviction regarding the merits of the claims raised in the petition. On May 31, 2000, the district court denied the petition. The district court's decision denying the petition relied on the testimony that Kiper's former counsel presented at the hearing of March 31, 2000. This appeal followed.

## PROCEDURAL POSTURE

Our preliminary review of the record in these matters revealed that the district court may have violated appellants' rights by conducting evidentiary hearings on the claims raised in their petitions without first securing appellants' presence at the hearings. Thus, on March 26, 2002, this court ordered the State to show cause why these appeals should not be remanded to the district court for further proceedings. The State filed its response on April 29, 2002. Additionally, at this court's request, the Nevada Attorneys for Criminal Justice (NACJ) has filed an amicus brief discussing whether appellants' statutory or constitutional rights were violated in the proceedings below. Accordingly, these appeals are now fully at issue and ready for decision.

## DISCUSSION

NRS 34.770(1) provides that, in post-conviction habeas corpus proceedings, the judge "shall determine whether an evidentiary hearing is required." Under NRS 34.770(3), "[i]f the judge . . . determines that an evidentiary hearing is required, he shall grant the writ and shall set a date for the hearing." Such a writ "does not entitle a petitioner to be discharged from the custody or restraint under which he is held . . . [but] requires only the production of the petitioner to determine the legality of his custody or restraint."[4] "The writ must be directed to the person who has the petitioner in custody . . . commanding him to have the body of the petitioner produced before the district court . . . ."[5] A petitioner "brought before the judge on the return of the writ may deny or controvert any of the material facts or matters set forth in the return or answer, deny the sufficiency thereof, or allege any

[4]NRS 34.390(2).

[5]NRS 34.400; *see also* NRS 34.440 (upon service of the writ, the person to whom the writ is directed shall bring the body of the party in custody according to the command of the writ).

fact to show either that his imprisonment or detention is unlawful or that he is entitled to his discharge.''[6] Thus, it is clear that the provisions of NRS chapter 34 require the presence of the petitioner at any evidentiary hearing conducted on the merits of the claims asserted in a post-conviction petition for a writ of habeas corpus. Such an evidentiary hearing conducted without first providing the petitioner an opportunity to be present violates the provisions set forth in NRS chapter 34.

In Gebers' case, the district court conducted an evidentiary hearing on the merits of the claims Gebers raised in her petition. Gebers was not present or represented by post-conviction counsel at the hearing. During the hearing, testimony and evidence was presented refuting Gebers' claims.

The State nonetheless contends that Gebers was not entitled to an evidentiary hearing because the claims she raised in her petition were belied by the record. The State further contends that because Gebers was not entitled to an evidentiary hearing, it was harmless error for the district court to conduct a hearing on the merits of the claims Gebers raised in her petition outside her presence. We disagree.

It is clear from the record that the district court determined that an evidentiary hearing was warranted wherein Gebers' former counsel would be questioned and would testify regarding the claims asserted in Gebers' petition. Once the district court decided to conduct that evidentiary hearing, it was required by statute to grant the writ, to order Gebers to be produced for the hearing, and to permit her an opportunity to deny, controvert, or present evidence to demonstrate that her imprisonment was unlawful.[7] Even assuming that the district court could have initially denied the claims presented in Gebers' petition as belied by the record, because the district court determined in this instance that an evidentiary hearing was necessary and then conducted such a hearing on the merits of the claims set forth in the petition, the district court was required by statute to grant the writ and to provide for Gebers' presence at the evidentiary hearing on the petition. The failure of the district court to do so violated Gebers' statutory rights. Had Gebers been present at the hearing, she may have been able to bolster her claims by presenting additional evidence or testimony or by cross-examining and impeaching her former counsel's testimony. Therefore, we cannot say that Gebers was not prejudiced or that this error was harmless beyond a reasonable doubt.

---

[6]NRS 34.470(1).

[7]*See* NRS 34.770(3); NRS 34.390; NRS 34.400; NRS 34.470.

Kiper claimed in his petition that he asked his counsel to file an appeal and his counsel did not do so. The district court conducted an evidentiary hearing on the merits of the claims Kiper raised in his petition. Kiper was not present or represented by post-conviction counsel at the hearing. During the hearing, testimony and evidence was presented refuting Kiper's claims.

The State concedes that Kiper was entitled to an evidentiary hearing because his claim that his counsel failed to file a direct appeal after Kiper requested him to do so was not belied by the record. The State also concedes that the district court violated Kiper's statutory rights by conducting the required evidentiary hearing and by receiving testimony from Kiper's former counsel regarding the claims asserted in Kiper's petition without securing Kiper's presence at the hearing. Nonetheless, the State contends that Kiper was not prejudiced by any violation of his statutory rights because the direct appeal claims that Kiper might have subsequently litigated below were presented to and properly denied by the district court. We disagree.

In *Lozada v. State*,[8] this court held that if a petitioner demonstrates that he or she was denied the right to a direct appeal due to ineffective assistance of counsel, the remedy is to appoint counsel for the petitioner and to allow the petitioner *with the assistance of counsel* to file a post-conviction petition for a writ of habeas corpus raising issues appropriate for a direct appeal.[9] This remedy is incomplete if the district court does not provide the petitioner with the assistance of counsel to identify and pursue any potential direct appeal claims.[10] Thus, if Kiper can demonstrate that he was denied the right to a direct appeal due to the ineffective assistance of counsel, then Kiper is entitled to the appointment of counsel to assist him in filing a post-conviction petition for a writ of habeas corpus raising direct appeal claims regardless of whether or not he initially asserted any direct appeal claims in his petition. Additionally, we conclude that the failure of the district court in this instance to adhere to the statutory provisions of NRS chapter 34 by granting the writ and by providing for Kiper's presence at the evidentiary hearing violated Kiper's statutory rights. Again, under the circumstances, we cannot say that this error was harmless beyond a reasonable doubt.

In its amicus brief, the NACJ contends that the district court's failure to provide for appellants' presence at the evidentiary proceedings below violated appellants' constitutional rights. We

---

[8]110 Nev. 349, 871 P.2d 944 (1994).

[9]*See id.* at 359, 871 P.2d at 950.

[10]*See id.*

decline to reach the merits of this issue and decide this case solely on the basis of the statutory violations noted above.[11]

## CONCLUSION

We conclude that the district court violated appellants' statutory rights when it conducted ex parte hearings on the merits of the claims appellants raised in their petitions. Therefore, we reverse the district court's orders denying appellants' petitions and remand these matters to a different district court judge for evidentiary hearings on the merits of the claims appellants raised in their petitions. The district court shall provide for appellants' presence at the hearings.[12]

---

[11]*See, e.g., Hollis v. State,* 96 Nev. 207, 210, 606 P.2d 534, 536 (1980) (where a jury instruction violated a statute, it was unnecessary to decide the constitutional claim because of the rule that "[t]his court will not consider constitutional issues which are not necessary to the determination of an appeal"); *State of Nevada v. Plunkett,* 62 Nev. 265, 270-71, 149 P.2d 101, 104 (1944) ("[A] constitutional question will not be determined unless clearly involved, and a decision thereon is necessary to a determination of the case.").

[12]The district court may of course exercise its discretion to appoint post-conviction counsel. *See* NRS 34.750.