**Termaine Anthony LYTLE,
Petitioner—Appellant,**

v.

**E.K. McDANIEL, Respondent—
Appellee.**

**No. 05–15321.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 28, 2005.*

Filed Feb. 23, 2006.

Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Conrad Hafen, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Termaine Anthony Lytle, a Nevada state prisoner, appeals the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dismissal of his petition for habeas corpus. We granted a certificate of appealability (COA) on the issue of equitable tolling, and we expand the COA to include review of the district court's conclusion that Lytle did not exhaust his claims in state court.[1] Because the statute of limitations should have been equitably tolled during the period that Lytle was unable to get his case file from his withdrawn attorneys, his petition was timely, but because he failed to exhaust his claims in state court, we affirm the district court.

We review de novo whether equitable tolling should be applied to the statute of limitations. *See Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002). The Antiterrorism and Effective Death Penalty Act contains a one-year statute of limitations, tolled while a properly filed application for state postconviction relief is pending before a state court. *See* 28 U.S.C. § 2244(d)(1) & (d)(2). Lytle's conviction was final on June 19, 2001. He filed his state petition three hundred and thirty-two (332) days later, tolling the one-year period. The limitations period began to run again on July 22, 2003. Lytle did not submit his federal petition to prison officials for mailing until November 11, 2003. In all, four hundred and twenty-one (421) days elapsed, fifty-six (56) days beyond the year allowed by the statute.

■ Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Corjasso,* 278 F.3d at 877 (quotations omitted). To be entitled to equitable tolling, a prisoner must act with reasonable diligence to file after the extraordinary circumstances began. *See id.* at 879. Lytle's counsel withdrew on February 11, 2002, and Lytle asked for his file to be sent to him. Although his counsel

agreed to do so, and Lytle made continued efforts to get his file, he was unable to obtain it until federal counsel was appointed in November 2003. Between February 11, 2002, and the time he filed his state petition on May 16, 2002, Lytle was "pursuing his rights diligently," and the failure of his state attorneys to send him his file constituted an "extraordinary circumstance [that] stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). The more than three-month period between February 11 and May 16, 2002 should have been equitably tolled, making Lytle's federal habeas petition (filed fifty-six days "late") timely.

■ Although the petition was timely, we agree with the district court that Lytle failed to exhaust his federal constitutional claims in state court, and so we affirm the district court's dismissal of the petition. Lytle's amended federal habeas petition included assertions that his trial counsel's ineffectiveness and the state court's failure to sua sponte appoint him counsel for postconviction proceedings denied him a direct appeal, in violation of the federal constitution. A federal court may consider the merits of constitutional claims in a habeas petition only if the petitioner exhausted his state remedies by "fairly present[ing]" his claim in "each appropriate state court (including a state supreme court with powers of discretionary review)" to give the state the opportunity to correct the constitutional error. *Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Lytle did not include his federal claims in his state habeas petition, which specified no grounds at all. In a motion to continue that he filed with the state trial court, he mentioned the federal claims and cited to

---

**1.** We construe the uncertified issues Lytle briefed on appeal as a motion to expand the

certificate of appealability, and we grant the motion. *See* 9th Cir. R. 22–1(e).

federal cases. The state court denied his petition and he appealed to the Nevada Supreme Court. The supreme court affirmed without briefing, stating that it had reviewed the entire record and citing *Luckett v. Warden,* 91 Nev. 681, 541 P.2d 910, 911 (1975) (where supreme court has reviewed the record in a pro se case it may conclude sua sponte that briefing and hearing not warranted). The supreme court did, therefore, have before it Lytle's motion to continue.

The motion to continue is the only presentation Lytle made of his federal claims, and we conclude he did not "fairly present" them. Lytle was required to "describe both the operative facts and the federal legal theory on which his claim is based so that the state courts could have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden,* 399 F.3d 993, 998 (9th Cir.) (quotations and alterations omitted), *cert. denied,* —— U.S. ——, 126 S.Ct. 348, 163 L.Ed.2d 58 (2005). Nowhere in the record before the state supreme court was there any description by Lytle of how his counsel failed to represent him adequately. There is not even an allegation that the trial court should have appointed him counsel for his postconviction proceedings. In fact, the state trial court denied the state petition because Lytle "failed to comply with NRS 34.735(23) as Defendant failed to specify in what manner his conviction is unlawful." The state court record contains no factual description of Lytle's federal claims. Even viewing Lytle's pro se petition leniently, *see Fields v. Waddington,* 401 F.3d 1018, 1021 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 738, 163 L.Ed.2d 579 (2005), he did not fairly present his claims in state court.

█ Nor is Lytle excused from the exhaustion requirement because the state court failed to appoint him counsel for his habeas petition. He argues that because he did not file a direct appeal, the state court's failure to appoint him counsel for his habeas petition denied him his one and only appeal. Lytle's argument implies that any indigent prisoner who does not file a direct appeal is entitled to appointed counsel for his state habeas petition. His only support is *Gebers v. State,* 118 Nev. 500, 50 P.3d 1092 (2002). *Gebers* held that a Nevada statute was violated when the state trial court held evidentiary hearings on pro se habeas petitions without the presence of the prisoners. It does not support a constitutional requirement that counsel be appointed for postconviction habeas petitions in state court. Lytle was required to exhaust his claims in state court, and he failed to do so.

AFFIRMED.