An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRYL ORLANDUS CLARK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61766

**FILED**

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant filed his petition on May 8, 2012, 25 years after the filing of his judgment of conviction on May 20, 1987.[2] Appellant's petition was therefore untimely filed. *See* NRS 34.726(1); *Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). Appellant's petition was also successive and an abuse of the writ.[3] NRS 34.810(2). Appellant's petition

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's petition was also filed more than 19 years after the effective date of NRS 34.726. See 1991 Nev. Stat., ch. 44, § 32, at 92.

Appellant did not appeal his judgment of conviction.

[3]*Clark v. State*, Docket No. 26584 (Order Dismissing Appeal, July 28, 1995); *Clark v. State*, Docket No. 54834 (Order of Affirmance, April 7, 2010). Appellant did not appeal from the district court's denial of his June 8, 1990, proper person petition for post-conviction relief pursuant to

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17255

was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

First, appellant claimed that he had good cause to excuse the procedural bars because he was challenging the jurisdiction of the district court and such claims may be raised at any time. Appellant's claims did not implicate the jurisdiction of the courts. *See* Nev. Const. art. 6, § 6; NRS 171.010. Appellant's bare allegation that his remaining claims may also be raised at any time was similarly without merit.

Second, appellant claimed that he had good cause to excuse the procedural bars because his absence at the hearings during which the district court ruled on his 1994 and 2009 post-conviction petitions rendered the orders reflecting those rulings void. Appellant's claim was patently without merit. Appellant did not demonstrate any right to attend hearings where no evidence was taken. *See Gebers v. State*, 118 Nev. 500, 503-04, 50 P.3d 1092, 1094 (2002). Moreover, even if appellant's argument were valid, it would not have explained the delay in filing the instant petition.

Third, appellant claimed that he had good cause to excuse the procedural bars because he believed that counsel had properly informed

---

*...continued*
former NRS 177.315 or from the denial of his March 15, 2012, proper person post-conviction petition for a writ of habeas corpus.

Appellant's claims that the instant petition is merely an amendment to the March 15, 2012, petition were without merit as the district court did not grant him permission to amend the petition. *See* NRS 34.750(5).

him of the law regarding sentencing enhancements. Appellant's ignorance of the law did not excuse the procedural bars. *Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764 P.2d 1303, 1306 (1988). To the extent appellant claimed that ineffective assistance of counsel excused his delay, that claim was itself untimely such that it could not afford good cause. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Fourth, appellant claimed that the recent United States Supreme Court Case, *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), provided good cause to excuse the procedural bars. Appellant's argument was without merit because his case was final when *Lafler* was decided, and he failed to demonstrate that it would apply retroactively to him. Even if *Lafler* did announce a new rule of constitutional law, appellant failed to allege facts to support either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002).

Finally, appellant claimed that the district court had already determined that he had demonstrated good cause. Appellant's claim was belied by the record. Appellant misquoted the order, which simply directed the State to respond to appellant's petition.

Appellant also attempted to overcome his procedural defects by arguing that he is actually innocent of the deadly weapon enhancement. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519,

537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Further, appellant failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Abbi Silver, District Judge
Darryl Orlandus Clark
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk