An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JACOBY DEONTE FREEMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61928

FILED

SEP 1 8 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Jacoby Deonte Freeman contends that the district court erred by denying his claim that his guilty plea was not knowingly and voluntarily entered because the district court failed to inform him of the possible sentence for each count he pleaded to and that the court was not obligated to follow the parties' sentencing recommendation. The record before this court does not reflect that Freeman asserted that his guilty plea was invalid for these reasons in the district court[1] and the district court's order does not consider these claims. We decline to consider this contention for the first time on appeal. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995).

---

[1]The district court docket entries indicate that Freeman filed a proper person motion to supplement his habeas petition which the State opposed. It appears from the transcript of the hearing on that motion that the motion may have included supplemental substantive argument regarding Freeman's claim of an unknowing plea. Freeman, however, failed to include a copy of that motion in the appendix.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27753

Freeman next contends that the district court erred by not conducting an evidentiary hearing on his claim that the guilty plea was not knowingly entered because counsel misinformed him regarding the number of counts he was pleading guilty to. We conclude that Freeman fails to demonstrate that the district court abused its discretion by not conducting an evidentiary hearing. *See* NRS 34.770(2); *Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (holding that a petitioner is entitled to an evidentiary hearing only when specific factual allegations are asserted "that are not belied or repelled by the record and that, if true, would entitle him to relief").

Freeman also asserts that the district court conducted an improper ex parte hearing on his claim of an unknowing plea in violation of his constitutional right to be present.[2] While Freeman cites to authority explaining a defendant's constitutional right to be personally present during trial proceedings, he fails to provide any authority or argument in support of his contention that he had a constitutional right to be present during the post-conviction proceedings. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Moreover, because the district court did not receive evidence or testimony during the hearing and the transcript does not indicate that the State presented any argument, Freeman fails to demonstrate any resulting prejudice. *Cf. Kirksey v. State*, 112 Nev. 980, 1000, 923 P.2d 1102, 1115 (1996) (the denial of the right to be present at critical stage of criminal proceedings is subject to harmless-error review); *see also Gebers v. State*, 118 Nev. 500, 503-04, 50 P.3d 1092, 1094 (2002) (a

---

[2]This hearing was presided over by the Honorable Valerie Vega, District Judge.

post-conviction habeas petitioner has a statutory right to be present if the district court conducts an *evidentiary* hearing). We conclude that Freeman is not entitled to relief on this claim.

Last, Freeman asserts that the district court erred by denying his claims that counsel was ineffective for (1) failing to file a direct appeal because he inquired about his ability to file an appeal and expressed dissatisfaction with the sentence, (2) failing to advise him that he had the right to appeal his conviction, and (3) misadvising him that he waived the right to appeal by entering a guilty plea. Freeman did not expressly assert that counsel was ineffective for these reasons in the district court and the district court's order does not specifically address these claims. We decline to consider them for the first time on appeal. *See Ford*, 111 Nev. at 884, 901 P.2d at 130. We also decline the State's request to reconsider our jurisprudence holding that counsel is required to file an appeal whenever a defendant requests that one be filed, regardless of merit. *See, e.g., Davis v. State*, 115 Nev. 17, 20, 974 P.2d 658, 660 (1999).

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

[3]Although we filed the fast track response submitted by the State, it does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it is not double-spaced. We caution the State that future failure to comply with applicable rules may result in the imposition of sanctions. NRAP 3C(n).

cc: Hon. Elissa F. Cadish, District Judge
Hon. Valorie J. Vega, District Judge
Oronoz & Ericsson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk