140 Nev., Advance Opinion 35

IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| BARRY RASHAD HARRIS,<br>Appellant,<br>vs.<br>WILLIAM A. GITTERE, WARDEN,<br>Respondent. | No. 86029 |

FILED

MAY 30 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Christy L. Craig, Judge.

*Reversed and remanded.*

Dustin R. Marcello, Chtd., and Dustin R. Marcello, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan E. VanBoskerck, Chief Deputy District Attorney, Clark County,
for Respondent.

_____

BEFORE THE SUPREME COURT, HERNDON, LEE, and BELL, JJ.

OPINION

By the Court, HERNDON, J.:

In this case, the district court determined that an evidentiary hearing was warranted on appellant's postconviction petition for a writ of habeas corpus. Due to a communication mishap, appellant was not

24-18864

transferred from prison to attend the evidentiary hearing. The district court proceeded with the hearing in appellant's absence and without a waiver from appellant of his statutory right to be present. In this opinion, we clarify that counsel may not waive a petitioner's right to be present at an evidentiary hearing on a postconviction habeas petition where the record does not indicate that the petitioner personally waived the right to be present. Because the record does not support a valid waiver of the statutory right to be present at the evidentiary hearing, we conclude that the district court violated appellant's statutory right to be present at the hearing. And because we cannot say that this error was harmless given the circumstances presented, we reverse the district court's order and remand for a new evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY

On charges arising from a physical altercation between appellant Barry Rashad Harris and his girlfriend, Harris received a jury trial and was convicted of first-degree kidnapping resulting in substantial bodily harm, battery constituting domestic violence, misdemeanor assault, and battery resulting in substantial bodily harm constituting domestic violence. Harris was sentenced to an aggregate term of 15 years to life. This court affirmed the judgment of conviction. *Harris v. State*, No. 76774, 2019 WL 6999882 (Nev. Dec. 19, 2019) (Order of Affirmance).

Harris timely petitioned pro se for a postconviction writ of habeas corpus, raising several claims of ineffective assistance of pretrial, trial, and appellate counsel. The district court appointed postconviction counsel, who supplemented the petition with additional claims of ineffective assistance of counsel. The district court set the matter for an evidentiary hearing.

Harris, who was incarcerated, was not transported to attend the hearing. The district judge observed that there was an apparent miscommunication and that consequently a transport order was not served on the prison. Harris's postconviction counsel announced that he would proceed notwithstanding Harris's absence, noting that the victim had traveled from Texas to testify and that he did not want to require her to do so again at a rescheduled hearing. At the State's suggestion, the district court offered to bifurcate the hearing for Harris to testify at a later date. Postconviction counsel indicated that he did not intend to call Harris to testify. The evidentiary hearing commenced, and the victim, pretrial counsel, trial counsel, and appellate counsel testified. At the conclusion of the hearing, the district court concluded that Harris had not shown ineffective assistance of counsel and denied the petition.

## DISCUSSION

Harris argues that the district court violated his right to be present when it conducted an evidentiary hearing on a postconviction habeas petition in his absence. The State counters that the error was harmless and, alternatively, that postconviction counsel waived Harris's right to be present such that relief is not warranted on this basis. We agree with Harris and reverse.

A postconviction habeas petitioner has a statutory right to be present at an evidentiary hearing on the merits of the petition.[1] *Gebers v. State*, 118 Nev. 500, 503-04, 50 P.3d 1092, 1094 (2002) (considering the

---

[1]This court has not determined whether a petitioner has a constitutional right to be present at an evidentiary hearing on a postconviction habeas petition. We need not address that issue to resolve this appeal.

Supreme Court
OF
Nevada

(O) 1947A

3

interplay between NRS 34.390, NRS 34.400, NRS 34.440, NRS 34.470, and NRS 34.770). Once the district court decides to hold an evidentiary hearing on a petitioner's claims, the district court is "required by statute to grant the writ, to order [the petitioner] to be produced for the hearing, and to permit [the petitioner] an opportunity to deny, controvert, or present evidence to demonstrate that [the petitioner's] imprisonment was unlawful." *Id.* at 504, 50 P.3d at 1094. The petitioner's presence ensures that the petitioner's account is received with "empathy and nuanced understanding" and to protect against the "risk that the party will be less able to convey the message that his story is the truth." *Jones v. State*, 284 P.3d 853, 859 (Alaska Ct. App. 2012) (internal quotation marks omitted); *see also Fisher v. McCrary Crescent City, LLC*, 972 A.2d 954, 983 (Md. Ct. Spec. App. 2009) (recognizing that "[a] party's right to be present at a hearing or trial is a substantial right[,] . . . independent of the ability to present evidence," in the context of a right to be present provided by court rule). We review the violation of the statutory right to be present at a postconviction habeas evidentiary hearing for harmless error. *Gebers*, 118 Nev. at 504, 50 P.3d at 1094-95.

Harris was not transported to attend the evidentiary hearing, and the district court conducted the hearing without Harris present. This violated Harris's right to be present.

The State suggests that relief is not warranted because postconviction counsel did not intend to call Harris to testify. While postconviction counsel represented that he did not intend to call Harris to testify at the evidentiary hearing, the significance of Harris's presence extended beyond providing evidence. Harris was not able to communicate with counsel regarding the testimony presented, assist counsel in cross-

examining witnesses, or inform counsel of his account of the material events, which Harris represents would contradict the accounts of his previous attorneys. Further, postconviction counsel acknowledged that he had not intended to question pretrial and trial counsel and that it was Harris who had subpoenaed them. This reinforces the importance of Harris's presence and indicates that his perspective may have illuminated elements of prior counsels' representation that postconviction counsel did not appreciate. *See State v. Jones*, 759 P.2d 558, 566 (Alaska Ct. App. 1988) (requiring a petitioner's presence at an evidentiary hearing when "the disputed issues involve facts within the [petitioner's] personal knowledge"); *State v. Webber*, 218 P.3d 1191, 1196 (Kan. Ct. App. 2009) (emphasizing a petitioner's right to be present at a hearing where trial counsel testifies about his representation of and communications with the petitioner), *abrogated on other grounds by Fischer v. State*, 295 P.3d 560 (Kan. 2013). Additionally, while counsel represented that *he* did not intend on calling Harris as a witness, that does not speak to what Harris may have desired to do. Because Harris was not present, it is unknown whether Harris, at the time of the hearing, may have intended to testify or would have desired to testify after evaluating the testimony of the State's witnesses and consulting with counsel.

The State alternatively argues that Harris's postconviction counsel waived Harris's right to be present or that counsel's purported waiver invited the error such that Harris cannot challenge that error on appeal. While we have not previously addressed whether postconviction counsel may waive a petitioner's statutory right to be present at a postconviction habeas evidentiary hearing, we agree with authorities directing that only *the petitioner*, not counsel, may waive the right. *See, e.g.,*

*State v. Ware*, 498 N.W.2d 454, 457 (Minn. 1993) (stating that the "decision to waive [a statutory right to be present] is a decision not for counsel to make but a personal decision for defendant to make after consultation with counsel"); *see also Taylor v. Comm'r of Corr.*, 11 A.3d 160, 164 (Conn. App. Ct. 2010) (Beach, J., concurring in part and dissenting in part) (recognizing that a habeas petitioner has a right to be present provided by court rule "*unless the petitioner waives* the right").

For a waiver to be effective, it must be clear in the record that the petitioner personally waived the right to be present at the hearing. *See Cole v. State*, 199 So. 2d 480, 481 (Fla. Dist. Ct. App. 1967) (concluding a statutory right to be present was validly waived where it was discussed in the defendant's presence and apparent that the defendant understood the right and acquiesced in the reason to be absent); *State v. Soto*, 817 N.W.2d 848, 859-60 (Wis. 2012) (concluding that a formal colloquy was not necessary in determining whether a defendant waived a statutory right to be present when judgment was pronounced); *cf. People v. Davis*, 115 P.3d 417, 432-33 (Cal. 2005) (recognizing that a defendant may knowingly, voluntarily, and intelligently waive the constitutional right to be present and deeming invalid counsel's waiver in defendant's absence where the record did not show that the defendant personally waived the right). Where counsel purports to waive a petitioner's right to be present in the petitioner's absence and the record does not show that the petitioner had personally waived the right, the waiver may be effective if the petitioner subsequently acquiesces. *See People v. Wilkins*, 179 N.E.3d 646, 650-52 (N.Y. 2021) (concluding that relief was not warranted where a defendant later acquiesced to counsel's waiver of a statutory right to be present at sidebar conferences held during voir dire); *see also People v. Lawrence*, 766

N.Y.S.2d 261, 263 (App. Div. 2003) (concluding that counsel's waiver of a statutory right to be present was effective where made in the defendant's presence and the defendant did not object); *cf. Pennie v. State*, 520 S.E.2d 448, 451 (Ga. 1999) (requiring counsel's waiver of a defendant's state constitutional right to be present to be in the defendant's presence, by the defendant's express authority, or subsequently approved by the defendant).

Because the record does not reflect that Harris personally waived the right to be present, the district court erred in conducting the evidentiary hearing in Harris's absence. In light of the testimony adduced at the evidentiary hearing, Harris's proffered challenges to that testimony, and the other circumstances regarding the evidentiary hearing, we cannot say that this error was harmless. We urge district courts to exercise due care to ensure that an inmate is allowed to attend an evidentiary hearing held on a timely postconviction habeas petition, unless the court has ascertained from the inmate a clear intention to waive that right.[2]

## CONCLUSION

Harris had a statutory right to be present at the postconviction evidentiary hearing. Postconviction counsel's purported waiver of that right was insufficient, given that the record does not show that Harris personally waived the right to be present. The district court thus erred in conducting the evidentiary hearing in Harris's absence. And in light of the particular circumstances of this case, we cannot say that the error was harmless. Accordingly, we reverse the judgment of the district court and remand this matter for the district court to conduct a new evidentiary hearing at which

---

[2]The district court may exercise its discretion to decide whether attendance in a given case may be made through physical presence, simultaneous audiovisual transmission, or telephonic means.

Harris shall be present absent a valid waiver of the statutory right to be present.[3]

_____, J.
Herndon

We concur:

_____, J.
Lee

_____, J.
Bell

---

[3]In light of our disposition, we need not reach Harris's remaining claims.