An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BEAU E.Z. BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62273

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order dismissing a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant filed his petition on October 12, 2010, more than six years after issuance of the remittitur on direct appeal on February 3, 2004. *Brown v. State*, Docket No. 40062 (Order of Affirmance, January 8, 2004). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Brown v. McDaniel*, Docket No. 56057 (Order of Affirmance, May 9, 2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30684

barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). A petitioner may be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

Appellant first claimed that the petition was timely filed because it was filed while the appeal was pending on the first petition. The district court did not err in rejecting this claim. NRS 34.726(1) provides two triggers for the timely filing of a post-conviction petition for a writ of habeas corpus: entry of a judgment of conviction or issuance of remittitur in the timely direct appeal. No tolling motions or petitions are recognized in NRS chapter 34 in regards to the filing of a timely post-conviction petition for a writ of habeas corpus.

Second, appellant claimed that he had good cause because the constitutional errors complained of were not raised in the first habeas petition because the State withheld evidence. The district court did not err in rejecting this claim. Appellant did not identify the evidence withheld by the State, *see Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984), and appellant failed to explain how the unidentified, allegedly withheld evidence prevented him from litigating his claims in his 2010 petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); *see also State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012).

Third, appellant claimed that the factual and legal basis of his claims was not available until this court's decision in *Hallmark v. Eldridge*, 124 Nev. 492, 189 P.3d 646 (2008). The district court did not err in rejecting this claim. Appellant did not explain how the decision in *Hallmark* applied to him. Further, even if the *Hallmark* decision allowed for new claims to be raised in a successive petition, appellant's petition was filed more than two years after the *Hallmark* decision and he failed to explain the entirety of his delay.

Fourth, appellant claimed that he had good cause because his claims were new and different from those raised in the first petition. While this point is debatable given the similarities of the claims previously litigated on direct appeal and in the first petition, the fact that appellant raised new claims does not provide good cause for a late and successive petition. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(2), (3).

Fifth, appellant claimed that he was not allowed to raise these claims earlier because he was represented by counsel. Related to this, appellant claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause because post-conviction counsel failed to raise the claims identified in his 2010 petition. The district court did not err in rejecting this claim. The fact that appellant could not raise claims in proper person supplements does not constitute good cause because it is not an impediment external to the defense. *See Lozada v. State*, 110 Nev. 349, 353, 871 P.2d 944, 946 (1994). Ineffective assistance of post-conviction counsel would not be good cause in the instant case because the appointment of counsel in the prior post-conviction proceedings was not statutorily or constitutionally required. *Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*,

112 Nev. 159, 164, 912 P.2d 255, 258 (1996). Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014), and thus, *Martinez* does not provide good cause for this late and successive petition.

Next, appellant appeared to claim that he was actually innocent. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). We therefore conclude that the district court did not err in denying appellant's petition. Finally, appellant failed to rebut the presumption of prejudice to the State. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches

under NRS 34.800(2) and appellant failed to rebut the presumption of prejudice to the State.

_____Cherry_____, J.
Cherry

cc:     Hon. Connie J. Steinheimer, District Judge
        Beau E.Z. Brown
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk